### KNISELY, Plaintiff-Appellee, v. MURPHY, Defendant-Appellant.

Ohio Appeals, Second District, Franklin County.

No. 4410. Decided March 30, 1950.

I. J. Hoover, Columbus, for plaintiff-appellee.
L. P. Henderson, Columbus, for defendant-appellant.

## OPINION

By THE COURT.

This is a motion seeking an order requiring the appellant to furnish an additional bond in the sum of $500.00.

The appellee has submitted no proof by affidavit or otherwise to support the motion, and the same will therefore be overruled.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.

## APPEAL ON QUESTIONS OF LAW

No. 4410. Decided May 22, 1950.

By THE COURT.

This is an appeal on questions of law. from the Common Pleas Court of Franklin County, Ohio, affirming the judgment of the Municipal Court of Columbus, Ohio, evicting the defendant-appellant from the premises which she occupied.

The appellant assigns as error that:

The Court of Common Pleas erred in affirming the judgment of the Municipal Court;

That the judgment of the trial court is manifestly against the weight of the evidence; and

For other errors apparent on the face of the record.

The principal error of which the appellant complains is that the trial court committed error in refusing to vacate the judgment. At the time the case was assigned for hearing in the Municipal Court both the plaintiff and the defendant appeared in court with counsel. The case was not tried to the Court. The entry on the record of the Court is as follows:

"2/24/49. By agreement of parties with counsel present judgment for plaintiff for restitution of premises described in the petition and costs. Writ not to issue until April 24, 1949 conditioned on payment of $30 per month for occupancy as long as defendant remains in premises."

The record shows that the defendant remained in the premises after April 24, 1949, and that on April 25, 1949, the writ for eviction was issued. Subsequently, on May 17, 1949, the defendant filed her petition to vacate the judgment. At the hearing on the petition the defendant testified that she did not understand that a judgment was to be taken on February 24, 1949. She testified that she understood that the case would be continued for a period of sixty days. At the hearing

384

on the petition the attorney who represented the defendant in the eviction action testified that after some discussion took place between the plaintiff, the defendant and their counsel they arrived at an agreement whereby the plaintiff was to take judgment on that day, but no writ for eviction would be issued until the expiration of sixty days and that the defendant as a part of the agreement would be required to pay the rent for the sixty day period. It is agreed that the defendant did pay the plaintiff the rent on that date for the sixty day period. The defendant's counsel testified that he explained to the defendant that judgment was to be taken and that she agreed thereto.

The question presented is one which involves the weight of the evidence. The trial court apparently believed the testimony given by the defendant's counsel. If the testimony of the defendant's counsel is accepted the petition to vacate the judgment was properly overruled.

In our opinion the judgment of the trial court was not against the manifest weight of the evidence and the Court of Common Pleas did not commit error in affirming the judgment of the Municipal Court. There are no other errors apparent upon the face of the record which have been brought to the attention of the Court. Judgment affirmed.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.